**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 9:24-cv-80458

CHRISTOPHER BATES,

PLAINTIFF,

VS.

NATIONAL FLOOD INSURANCE
PROGRAM,

DEFENDANT,
_______________________________________/

## COMPLAINT

Plaintiff CHRISTOPHER BATES, by and through undersigned counsel, sues Defendant, NATIONAL FLOOD INSURANCE PROGRAM, for breach of contract, stating as follows:

## GENERAL ALLEGATIONS

1. This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended ("NFIA"), 42 U.S.C. §4001 *et seq.,* and federal common law.

2. This breach of contract action involved breaches of a federal flood insurance policy that DEFENDANT provided to PLAINTIFF pursuant to the NFIA.

3. Pursuant to 42 U.S.C. §4072, this Court has original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4. Pursuant to 28 U.S.C §1331, this Court has subject matter jurisdiction because this matter involves an insurance contract that was issued pursuant to the National Flood Insurance Act of 1968, as amended, and thus involves federal questions, including the application of federal statutes and federal regulations.
5. Christopher Bates is a resident of Broward County, Florida, and is sui juris.
6. At all times material, PLAINTIFF owned the residential property located at 1430 SW 32 CT. Fort Lauderdale, FL 33315 (hereafter, the "Residence").
7. At all times material DEFENDANT was and is a foreign corporation and insurance carrier authorized by the State of Florida to transact insurance and is transacting insurance in Broward County, Florida.
8. At all times material, DEFENDANT was a Write-Your-Own ("WYO") Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.
9. DEFENDANT issued Policy No. RL30791299 to PLAINTIFF, which provided flood coverage. True and correct copies of the insurance policy (hereinafter the "Insurance Contract") are attached as **Exhibit A.**
10. The intent and purpose of the Insurance Contract is to provide flood insurance coverage, including, but not limited to, accumulation of rainfall, to its named insured, PLAINTIFF, for direct physical loss to the PLAINTIFF'S Residence and personal property, for a period of twelve (12) months.
11. PLAINTIFF paid the premiums due and the Insurance Contract was in full

force and effect on April 12, 2023.

12. On April 12, 2023, a large rainstorm made landfall in Broward County, Florida and caused significant structural and other damages along with physical changes to PLAINTIFF'S Residence.

13. PLAINTIFF timely reported her claim to DEFENDANT in accordance with the Insurance Contract.

14. Pursuant to 44 C.F.R. §62.23(d) and (i)(6), DEFENDANT was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Insurance Contract.

15. Pursuant to 44 C.F.R. §62.23(i)(l) DEFENDANT was and is responsible for adjusting all claims in accordance with general company standards, guided by NFIP Claims manuals.

16. DEFENDANT hired and assigned an insurance adjuster to inspect the PLAINTIFF'S Residence.

17. DEFENDANT's insurance adjuster together with DEFENDANT, prepared an estimate that failed to comply with the provisions of the Insurance Contract, DEFENDANT's general company claims handling standards and/or with NFIP claims manuals.

18. PLAINTIFF'S covered damages were documented by a valid Proof of Loss and supporting documentation, including an itemized damage estimate, as required by the Insurance Contract, and were submitted to DEFENDANT for pre-suit review.

19. PLAINTIFF’S expert found evidence that the flooding from April 12, 2023 damaged her Residence in an amount and scope greater than what was found by DEFENDANT's adjuster.

20. Numerous covered items were omitted and/or underpaid by DEFENDANT.

21. To date, DEFENDANT's payments to PLAINTIFF have failed to adequately compensate her for her covered losses.

22. PLAINTIFF is additionally making a claim for her Increased Cost of Compliance.

23. Venue lies in the Southern District of Florida because the Insurance Contract was entered into and provides insurance coverage for property in Broward County, Florida. In addition, a substantial part of the events or omissions giving rise to this claim occurred in Broward County. Finally, the Residence is located within the Southern District of Florida. *See* 28 U.S.C. §§1391(b) and (c), and 42 U.S.C. §4072.

24. All conditions precedent to the filing of this action have occurred, been waived and/or excused.

**COUNT I - BREACH OF INSURANCE CONTRACT**

25. This is an action by PLAINTIFF against DEFENDANT for damages for breach of the Insurance Contract.

26. PLAINTIFF re-alleges and re-avers the allegations contained in Paragraphs 1 through 24 above, with the same force and effect as is fully set herein.

27. The Insurance Contract sets forth the rights and obligations of DEFENDANT to PLAINTIFF.

28. On or about April 12, 2023, through the present, DEFENDANT materially

breached the Insurance Contract by failing to promptly and fairly adjust PLAINTIFF'S claim, reach agreement with the PLAINTIFF on the amount of the covered damages and pay the full amount of PLAINTIFF'S losses.

29. As a direct and proximate result of DEFENDANT's material breaches of the Insurance Contract, PLAINTIFF has suffered compensatory damages.

WHEREFORE, Plaintiff, CHRISTOPHER BATES, demands judgment for damages for breach of contract against Defendant, NATIONAL FLOOD INSURANCE PROGRAM, together with attorneys' fees and costs along with any such other and further relief the Court deems just and proper.

**<u>Demand for Jury Trial</u>**

1. Plaintiff demands a trial by jury of all issues so triable as a matter of right.

Respectfully Submitted,

Attorney for Plaintiff,

*<u>/s/ Alejandro E. Lopez</u>*
Alejandro E. Lopez, Esq.
Florida Bar No 121879
Tarnovsky Law
7000 W. Palmetto Park Rd. Suite 210
Boca Raton, FL 33433
Office: (561) 368-2755
Email: irina@tarnovskylaw.com
scheduling@tarnovskylaw.com
brianna@tarnovskylaw.com
service@tarnovskylaw.com